In the Matter of the Application of the RICHMOND COUNTY BAR ASSOCIATION in Respect of FRANCIS P. FARRELL, an Attorney and Counselor at Law, Respondent.

Second Department, April 18, 1938.

*John A. Cosgrove,* for the motion.

*Harold M. Kennedy,* opposed.

PER CURIAM. Respondent was admitted to the bar in 1927. Two charges were preferred against him by the Bar Association of Richmond County. The official referee has found respondent guilty of both charges and recommends that he be disbarred.

The first charge against respondent is that in July, 1933, he was retained by one Anna Lake to form a corporation, and for that purpose received eighty-five dollars and fifty cents for his fees and disbursements, including the Secretary of State's fees; that, although respondent led Mrs. Lake to believe that he was proceeding to organize the corporation, he neglected to do so, and converted the eighty-five dollars and fifty cents to his own use. Respondent admits that on July 29, 1933, he received twenty-five dollars on account, and on September 11, 1933, he was paid an additional sum of sixty dollars and fifty cents. Respondent testified that when he was retained he did not know the purpose for which Mrs. Lake wished to form the corporation, but that after he had communicated with the Secretary of State, and on or about September twenty-eighth, he learned that she wished to form the corporation in order to transfer her property to it and thus avoid payment of a deficiency judgment which would be entered in an action in New Jersey to foreclose a mortgage upon which Mrs. Lake was the obligor on the bond. Respondent also testified that in the latter part of September, 1933, he advised Mrs. Lake and her husband that such a transfer would be a fraud on her creditors and would be attacked as a fraudulent conveyance. Mr. Lake then said he would attempt to sell the property to a friend, and thereupon the matter of the proposed corporation was dropped. Respondent further testified that in March, 1934, he had a conversation with Mr. Lake, at which time he told him he would retain the eighty-five dollars and fifty cents until " we can work out an adjustment of what is owed to me " for services rendered. Respondent denied that Lake demanded the return of the eighty-five dollars and fifty cents. Shortly thereafter Mr. Lake complained to the district attorney, who sent for respondent. Respondent explained the situation to the district attorney, and at the latter's suggestion sent Mrs. Lake a letter — a copy of which was given to the district attorney — in which he reminded her of his unwillingness to form the corporation and of the agreement by which the eighty-five dollars and fifty cents was to be retained by him and applied on account of his bill for services rendered to the Lakes when they acquired title to the property in New Jersey, as well as the services rendered by respondent when they were sued in the City and Municipal Courts for legal services rendered by one Levy. Mrs. Lake denied she was indebted to respondent, except in the sum of five dollars, the balance due for services rendered in the Levy matter. She and her husband also denied that respondent informed them he was unwilling to form the corporation, and they both testified it was the respondent

who suggested the corporation be formed. Subsequently a $2,500 deficiency judgment was obtained against Mrs. Lake, which she satisfied out of the proceeds of a second mortgage on her store property. Mrs. Lake claimed, and respondent denied, that he agreed to pay this second mortgage. While the learned referee refused to accept respondent's version of this transaction, we think, in view of respondent's good character, testified to by Surrogate BOYLAN and former Justice SMITH, of Richmond county, and others, that it is improbable that respondent converted the eighty-five dollars and fifty cents paid to him by Mrs. Lake. We believe respondent is at least entitled to the benefit of the doubt, and, therefore, we dismiss this charge.

The second charge is that respondent made a false affidavit that he served a summons and complaint on one Florence Warrender, as a result of which a judgment was illegally entered against her. Another charge which developed at the hearing and was considered without objection was that respondent made a false affidavit that he served a third-party order on said Florence Warrender. Respondent unqualifiedly denied these charges and insisted that he served these papers.

The consideration of this case really involves a question of veracity between the complainant and respondent.

The complainant, who lived separate from her husband and who had had some other family difficulties, had instituted an action for separation against her husband. The husband was in default in the payment of alimony to the extent of $1,000. He was a legatee of an estate in New York county in that sum and had assigned his legacy to some person in New Jersey, probably for the purpose of avoiding his creditors, including his wife. George M. Gunderson, an attorney and counselor at law, who had represented complainant at one time in the separation suit, conducted negotiations, with the result that he obtained a settlement of $600. He obtained a check for that amount to the order of complainant. On January 10, 1935, there was a meeting at a public restaurant, at which Mr. Gunderson tendered complainant his check for $400 and asked her to indorse the $600 check to him. She took the $600 check out of his hand and refused to return it to Mr. Gunderson. He thereupon brought an action against her for the sum of $200, the value of his services, respondent acting as his attorney. Respondent made an affidavit that he served the summons and complaint on complainant on January 18, 1935, at No. 27 Wheeler avenue, Staten Island, which was the home of a female friend of complainant. Then followed a third-party proceeding in which

respondent, it seems, swore he served a notice of application for a third-party order. Complainant denies that either paper was served upon her. As a result of the third-party proceeding Mr. Gunderson was enabled to realize on the judgment he obtained against her.

The complainant asserted that she never retained Mr. Gunderson to obtain the money due from her husband to her. Yet she was willing to take the benefit of his services and, though offered the opportunity to defend the action for services, never availed herself of it.

The complainant had been living with a friend at No. 27 Wheeler avenue in Staten Island. The latter testified that complainant had not been living with her since November, 1934, although it seems that the parties all met at a friend's home on January 10, 1935, before they went to a public restaurant. There was no proof of any other residence of the complainant prior to the time of the hearing herein. She was a practical nurse and testified that, because she went from place to place, she had no regular place of residence. She further stated that on January 18, 1935, the date of alleged service, she was taking care of a sick person in Brooklyn. She was unable to locate that person so as to have the benefit of her testimony at the hearing herein.

The testimony showed that respondent bore a very good reputation at the bar and as a citizen of Richmond county.

Despite the fact that the official referee had the witnesses before him and that this court's determination is necessarily based upon a printed record, it is of the opinion that it cannot be said that the testimony in behalf of petitioner fairly preponderates over that in behalf of respondent.

It seems that the view of the learned official referee with reference to the charges against respondent was unfavorably colored by his consideration of a collateral matter. The $600 represented by the check which complainant had taken away from Mr. Gunderson was deposited by her in a bank account with a savings and loan association. The third-party order enabled Mr. Gunderson, through respondent, to obtain satisfaction of his judgment out of this account. The official referee was of the opinion that the taking of this money by legal process was the taking of money which was a part or share of past-due alimony which belonged entirely to the complainant, without the right on the part of her attorney to " dig into " it without leave of the court. The official referee was further of the opinion that Mr. Gunderson should have applied to the Supreme Court, where the matrimonial action was pending,

for an award or an allowance out of said moneys for which a check for the $600 had been given. In support of his view he cited *Dougherty* v. *Burger* (133 Misc. 807), where it was stated that an agreement between client and counsel to share an award of alimony had been declared by the courts to be against public policy because such an agreement tended to deprive the wife of a provision for her maintenance awarded to her by the court; that such agreements tend to encourage the continuance of litigation and prevent the reconciliation of parties; that a wife may not dispose of an expected alimony award by sharing it with her attorney instead of using it for her own benefit.

But neither Mr. Gunderson nor respondent made any agreement with complainant to share her alimony. The alimony had been awarded but not paid. Then Mr. Gunderson took steps to procure the payment of her alimony and negotiated a settlement for $600. He sought to obtain payment for services rendered to her in collecting the money by, in effect, levying on a bank account in her name. This is far, however, from an agreement to share alimony awarded by a court. However, assuming that this $600 was immune from process by her lawyer, there is nothing here to show that either Mr. Gunderson or respondent had the slightest thought that they were doing anything improper.

What the official referee believed was a gross impropriety seems to have influenced him against the truthfulness of respondent's claim. In the opinion of the court the charge was not proved by a fair preponderance of the evidence, and should be dismissed.

The motion to confirm the report of the official referee should be denied and the proceeding dismissed.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and TAYLOR, JJ.

Motion to confirm report of official referee denied and the proceeding dismissed.